UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v. Case No.: 2:20-cr-2-SPC-NPM

FRANCIS MEDINA

---

**OPINION AND ORDER**

Before the Court is Defendant Francis Medina's pro se Motion for Early Termination of Supervised Release. (Doc. 87). The Government and the United States Probation Office oppose the request. (Doc. 88). For the following reasons, the Court denies the motion.

In April 2021, the Court sentenced Defendant to 77 months' imprisonment and three years of supervised release for drug and gun charges. (Doc. 84). Defendant has completed approximately 14 months of his 36-month term, so less than half of his total term. (Doc. 88 at 1). He states that he has remained in full compliance with all terms and conditions the Court imposed, maintained employment, a stable residence, and family and community ties.

The Court has the power to "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). However, the Court may grant such relief only if it is "satisfied that such action is warranted by the conduct of the defendant released and the

interest of justice." *Id.* The Court must also consider whether certain section 3553 factors favor relief. *Id.* (requiring consideration of most section 3553 factors but omitting 18 U.S.C. § 3553(a)(2)(A), which relates to the need to promote respect for the law and for just punishment); *Esteras v. United States*, 606 U.S. 185, 204 (2025) (prohibiting courts from considering subsection (a)(2)(A)). In reaching its conclusions here, the Court does not consider the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, nor does the Court consider the kinds of sentences available. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(3).

After considering the law against the record, the Court will not end early Defendant's supervised release for two reasons. First, he committed serious offenses involving dangerous drugs and a loaded firearm. Thus, the nature and circumstances of his offense militate against early termination of supervised release.

Second, the main reason for Defendant's request for termination is that he has complied with the conditions of supervised release and believes he has reached a point where he no longer needs the continued monitoring of supervised release to remain on the right path. But such compliance is expected, not exceptional. The burden of supervised release is relatively low, especially when compared to the benefit of deterring Defendant from committing a crime. While the Court commends Defendant's purportedly good

behavior, it does not merit the unusual reprieve of termination of supervised release. The seriousness of Defendant's offense and the need for deterrence justify his continued supervision. On this matter, however, the Court finds that keeping Defendant on supervised release is in the best interests of justice, Defendant, and the public.

Accordingly, it is

**ORDERED**:

Defendant Francis Medina's pro se Motion for Early Termination of Supervised Release (Doc. 87) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record